UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DOUGLAS J. STOUT, et al.,

        Plaintiffs,

    v.

GAVIN NEWSOM,

        Defendant.

No.  2:20-cv-01674-CKD P

ORDER

Plaintiffs are state prisoners proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I.       Screening Standard**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

1

1   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

2   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

3   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

4   Cir. 1989); Franklin, 745 F.2d at 1227.

5          In order to avoid dismissal for failure to state a claim a complaint must contain more than

6   "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

7   of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

8   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

9   statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim

10  upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

11  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

12  the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S.

13  at 678.  When considering whether a complaint states a claim upon which relief can be granted,

14  the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and

15  construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

16  U.S. 232, 236 (1974).

17         **II.     Allegations in the Complaint**

18         Plaintiffs are two inmates at Mule Creek State Prison who filed this case as a purported

19  class action challenging prison overcrowding allegedly creating unsafe prison conditions due to

20  the COVID-19 pandemic.  Plaintiffs allege that overcrowding prevents social distancing practices

21  within the prison to reduce the risk of contracting COVID-19.  Specifically, plaintiffs contend

22  that double celling inmates makes it impossible to practice social distancing and that the use of

23  sentencing enhancements under state law have led to longer prison sentences and an increased

24  prison population.

25         Plaintiffs name Governor Gavin Newsom as the sole defendant in this case, being sued in

26  his individual and official capacities.

27  /////

28  /////

2

1    By way of relief, plaintiffs request the retroactive nullification of all state law sentencing

2    enhancements, compensatory and punitive damages, and the immediate release of all plaintiffs

3    who are not sentenced to death.

4    **III.    Legal Standards**

5    **A.  Class Action**

6    While plaintiffs characterize this lawsuit as a class action, they have made no motion

7    pursuant to Federal Rule of Civil Procedure 23 seeking to have the court certify this matter as a

8    class action.  Moreover, plaintiffs are non-lawyers proceeding without counsel.  It is well

9    established that a layperson cannot ordinarily represent the interests of a class.  See McShane v.

10   United States, 366 F.2d 286 (9th Cir. 1966).  This rule becomes almost absolute when, as here,

11   the putative class representatives are incarcerated and proceeding pro se.  Oxendine v. Williams,

12   509 F.2d 1405, 1407 (4th Cir. 1975).  In direct terms, plaintiffs cannot "fairly and adequately

13   protect the interests of the class," as required by Rule 23(a)(4) of the Federal Rules of Civil

14   Procedure.  See Martin v. Middendorf, 420 F. Supp. 779 (D.D.C. 1976).  This action, therefore,

15   will not be construed as a class action and instead will be construed as an individual civil suit

16   brought by plaintiffs.

17   **B.  Conditions of Confinement**

18   Plaintiffs may challenge their conditions of confinement under the Eighth Amendment.

19   Farmer v. Brennan, 511 U.S. 825 (1994).  In order for a prison official to be held liable for

20   alleged unconstitutional conditions of confinement, the prisoner must allege facts that satisfy a

21   two-prong test.  Peralta v. Dillard, 744 F.3d 1076, 1082 (9th Cir. 2014) (citing Farmer v.

22   Brennan, 511 U.S. 825, 837 (1994)).  The first prong is an objective prong, which requires that

23   the deprivation be "sufficiently serious."  Lemire v. Cal. Dep't of Corr. & Rehab., 726 F.3d 1062,

24   1074 (9th Cir. 2013) (citing Farmer, 511 U.S. at 834).  In order to be sufficiently serious, the

25   prison official's "act or omission must result in the denial of the 'minimal civilized measure of

26   life's necessities."  Lemire, 726 F.3d at 1074.  The objective prong is not satisfied in cases where

27   prison officials provide prisoners with "adequate shelter, food, clothing, sanitation, medical care,

28   and personal safety."  Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quoting Hoptowit v.

3

1    Ray, 682 F.2d 1237, 1246 (9th Cir. 1982)).  "[R]outine discomfort inherent in the prison setting"

2    does not rise to the level of a constitutional violation.  Johnson v. Lewis, 217 F.3d at 732 ("[m]ore

3    modest deprivations can also form the objective basis of a violation, but only if such deprivations

4    are lengthy or ongoing").  Rather, extreme deprivations are required to make out a conditions of

5    confinement claim, and only those deprivations denying the minimal civilized measure of life's

6    necessities are sufficiently grave to form the basis of an Eighth Amendment violation.  Farmer,

7    511 U.S. at 834; Hudson v. McMillian, 503 U.S. 1, 9 (1992).  The circumstances, nature, and

8    duration of the deprivations are critical in determining whether the conditions complained of are

9    grave enough to form the basis of a viable Eighth Amendment claim.  Johnson v. Lewis, 217 F.3d

10   at 731.

11          The second prong of an Eighth Amendment violation focuses on the subjective intent of

12   the prison official.  Peralta, 774 F.3d at 1082 (9th Cir. 2014) (citing Farmer, 511 U.S. at 837).

13   The deliberate indifference standard requires a showing that the prison official acted or failed to

14   act despite the prison official's knowledge of a substantial risk of serious harm to the prisoner.

15   Id. (citing Farmer, 511 U.S. at 842); see also Redman v. Cnty. of San Diego, 942 F.2d 1435, 1439

16   (9th Cir. 1991).  Mere negligence on the part of the prison official is not sufficient to establish

17   liability.  Farmer, 511 U.S. at 835.

18                          **C.  Linkage Requirement**

19          The civil rights statute requires that there be an actual connection or link between the

20   actions of the defendants and the deprivation alleged to have been suffered by plaintiffs.  See

21   Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

22   (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a

23   constitutional right, within the meaning of section 1983, if he does an affirmative act, participates

24   in another's affirmative acts or omits to perform an act which he is legally required to do that

25   causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th

26   Cir. 1978) (citation omitted).  In order to state a claim for relief under section 1983, plaintiffs

27   must link each named defendant with some affirmative act or omission that demonstrates a

28   violation of federal rights.

4

1    ### D.  Supervisory Liability

2        Plaintiffs name the Governor of California as the only defendant in this action due to his

3    supervisory role over state agencies including the California Department of Corrections and

4    Rehabilitation.  However, government officials may not be held liable for the unconstitutional

5    conduct of their subordinates under a theory of respondeat superior.  Ashcroft v. Iqbal, 556 U.S.

6    662, 677 (2009) ("In a § 1983 suit ... the term "supervisory liability" is a misnomer.  Absent

7    vicarious liability, each Government official, his or her title notwithstanding is only liable for his

8    or her own misconduct.").  When the named defendant holds a supervisory position, the causal

9    link between the defendant and the claimed constitutional violation must be specifically alleged;

10   that is, a plaintiff must allege some facts indicating that the defendant either personally

11   participated in or directed the alleged deprivation of constitutional rights or knew of the violations

12   and failed to act to prevent them.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Taylor

13   v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir.

14   1978).

15   ### E.  Official Capacity Claims

16       Plaintiffs may not bring a suit for damages against defendant in his official capacity.  "The

17   Eleventh Amendment bars suits for money damages in federal court against a state, its agencies,

18   and state officials in their official capacities."  Aholelei v. Dept. of Public Safety, 488 F.3d 1144,

19   1147 (9th Cir. 2007) (citations omitted).  However, the Eleventh Amendment does not bar suits

20   seeking damages against state officials in their personal capacities, Hafer v. Melo, 502 U.S. 21,

21   30 (1991); Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003), or suits for declaratory or injunctive

22   relief brought against state officials in their official capacities, Austin v. State Indus. Ins. System,

23   939 F.2d 676, 680 fn. 2 (9th Cir. 1991).

24   ### F.  Habeas Versus § 1983 Action

25       Plaintiffs have filed a § 1983 action seeking their immediate release from custody.

26   However, when a state prisoner challenges the legality of his custody and the relief he seeks is the

27   determination of his entitlement to an earlier or immediate release, his sole federal remedy is a

28   writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Preiser v. Rodriguez, 411 U.S. 475, 500

1    (1973).  A federal habeas corpus action is only available if plaintiffs have been convicted and

2    have exhausted their state court remedies with respect to the claims for relief.  See 28 U.S.C. §

3    2254(b)(1)(A).

4          **IV.    Analysis**

5          The court has reviewed plaintiffs' complaint and finds that it fails to state a claim upon

6    which relief can be granted under federal law against defendant Newsom.  The complaint does

7    not demonstrate how defendant Newsom, through his own individual actions, has violated

8    plaintiff's Eighth Amendment rights.  Plaintiffs may not sue any official on the theory that the

9    official is liable for the unconstitutional conduct of his or her subordinates.  Ashcroft v. Iqbal, 556

10   U.S. 662, 679 (2009).  For these reasons, plaintiffs' complaint must be dismissed.  The court will,

11   however, grant leave to file an amended complaint.

12         If plaintiffs choose to amend the complaint, they must demonstrate how the conditions

13   complained of have resulted in a deprivation of their constitutional rights.  See Ellis v. Cassidy,

14   625 F.2d 227 (9th Cir. 1980).  Also, in any amended complaint, plaintiffs must allege in specific

15   terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983

16   unless there is some affirmative link or connection between a defendant's actions and the claimed

17   deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory

18   allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

19   Regents, 673 F.2d 266, 268 (9th Cir. 1982).

20         Finally, plaintiffs are informed that the court cannot refer to a prior pleading in order to

21   make any amended complaint complete.  Local Rule 220 requires that an amended complaint be

22   complete in itself without reference to any prior pleading.  This is because, as a general rule, an

23   amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th

24   Cir. 1967).  Once an amended complaint is filed, the original pleading no longer serves any

25   function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim

26   and the involvement of each defendant must be sufficiently alleged.

27   /////

28   /////

1    **V.     Plain Language Summary for Pro Se Party**

2         The following information is meant to explain this order in plain English and is not

3    intended as legal advice.

4         The court is dismissing your complaint because you have not alleged how the defendant is

5    individually responsible for the violation of your Eighth Amendment rights.  However, the court

6    is giving you one opportunity to fix this problem.  If you choose to do so, you may file an

7    amended complaint within the time provided in this order.

8         In accordance with the above, IT IS HEREBY ORDERED that:

9         1.  Plaintiffs' complaint is dismissed.

10        2.  Plaintiffs are granted thirty days from the date of service of this order to file an

11    amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules

12    of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the

13    docket number assigned this case and must be labeled "Amended Complaint."  Failure to file an

14    amended complaint in accordance with this order will result in a recommendation that this action

15    be dismissed.

16    Dated:  August 28, 2020

17                                             _____
                                              CAROLYN K. DELANEY
18                                             UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24    12/stou1674.14.Covid.docx

25

26

27

28

7